# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BRYAN TURNER, JR.<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, M.T.S., CHASE BANK, CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, JANE DOE 1, JANE DOE 2, and CHASE BANK<br><br>Defendants. | Case No.: 3:24-cv-00649-RBM-MSB<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS [DOC. 2] AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)** |

## I.     INTRODUCTION

Plaintiff, David Bryan Turner, Jr. ("Plaintiff" or "Turner"), a prisoner proceeding *pro se*, has filed a Complaint under the Civil Rights Act 42 U.S.C. § 1983 ("Complaint"), along with a motion to proceed *in forma pauperis* ("IFP"). (Docs. 1, 2.) For the reasons discussed below, the Court **DENIES** Plaintiff's IFP motion and **DISMISSES** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(g).

///

///

## II. IFP MOTION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350, and those not granted leave to proceed IFP must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*"); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

### A. "Three Strikes" Provision

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, was amended to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints that "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground[s] that (they were) frivolous, malicious, or fail[ed] to state a claim," *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a

dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial.  Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

While Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1120.  That is the case here.

**B.     Prior "Strikes"**

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).  Based on a review of its own dockets, the Court finds that Plaintiff, while incarcerated, has had at least four prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  They are:

(1) *Turner v. Metropolitan Transit System, et al.*, No. 3:09-cv-00770-L-POR (S.D. Cal. Nov. 11, 2009) (Doc. 6) (denying amended motion to proceed IFP and dismissing amended complaint for failing to state a claim);

(2) *Turner v. Corporal Saunder, et al.*, No. 3:13-cv-01368 MMA-DHB (S.D. Cal. June 18, 2013) (Doc. 3) (dismissing action as frivolous and denying motion to proceed IFP as moot);

(3) *Turner v. County of San Diego, et al.*, No. 3:13-cv-02288 LAB-RBB (S.D. Cal. Nov. 12, 2013) (Doc. 7) (granting motion to proceed IFP and dismissing complaint for failing to state a claim); and

(4) *Turner v. County of San Diego, et al.*, No. 3:14-cv-01965-LAB-WVG (S.D. Cal. Sept. 8, 2015) (Doc. 7) (dismissing action for failure to state a claim and as frivolous).

Accordingly, Plaintiff has accumulated at least four "strikes" as defined by § 1915(g).

## C.  Imminent Danger of Serious Physical Injury

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52. The Court has reviewed Plaintiff's Complaint and concludes it contains no "plausible allegations" to suggest Plaintiff faced "'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See id.*; *see also Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status.").

## III.   CONCLUSION AND ORDER

Good cause appearing, the Court:

1.   **DENIES** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g);

2.   **DISMISSES** this civil action *sua sponte* without prejudice for failing to prepay the $405 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

3.   **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. §1915(a)(3), and

4.   **DIRECTS** the Clerk of the Court to close the file.

///

///

1 **IT IS SO ORDERED**.

2 DATE:  May 7, 2024

<br>
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE